IN THE UNITED STATES DISTRICT COURT
FORTHE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EDDIE LEE FOSTER, #143404, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:13-cv-420-WHA |
| | ) | |
| WARDEN KENNETH JONES, et al., | ) | (WO) |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #44), entered on August 10, 2016, and the Plaintiff's Objection (Doc. #45), filed on August 23, 2016. The court has conducted an independent evaluation and *de novo* review of the file in this case.

The Magistrate Judge recommended summary judgment be granted to the Defendants on the Plaintiff's claim of deliberate indifference to his health due to the presence of second-hand smoke (ETS) at Bullock. The Plaintiff alleges he suffers from respiratory issues and Obstructive Sleep Apnea ("OSA"). OSA occurs when breathing slows or stops due to an obstruction of the airway during sleep. The Plaintiff maintains that these conditions were caused by his exposure to ETS. However, the record is devoid of evidence indicating that his sleep apnea resulted from exposure to second hand smoke nor is there any evidence that while at Bullock he suffered any respiratory issues.

In his objection, Foster takes issue with the Magistrate Judge saying he was obese. However, this condition is noted throughout his medical records. In addition, the records of the sleep study performed at the Jackson Sleep Disorders Center indicate that Foster had a body

mass index in the obese range and a larger than average neck circumference of 17 inches. Contrary to the assertion in his objection, the Recommendation did not say he had a "fat neck", only that his neck was larger than average or a large neck. Foster also suffered from hypertension and hyperlipidemia. The medical evidence shows that all of these conditions place him at a higher risk for OSA. The sleep study also demonstrated that Foster's oxygen saturation levels at all times were within normal range. The medical records also show that while at Bullock Foster's lungs were clear and his cardiopulmonary activity was normal. Foster did not complain to prison medical personnel regarding exposure to ETS while at Bullock..

Foster also alleges that he was waiting to bring forward evidence from officers and other prisoners regarding ETS at Bullock. He also references the potential testimony of a physician at Jackson as to her belief that his OSA was caused by second hand smoke. It should be noted in an affidavit Foster merely stated that the physician said exposure to ETS "could have" caused the damage, Doc. No. 21-1 at 1, a statement which is clearly hearsay and could not be used to defeat summary judgment. However, Foster did not and has not presented any of this additional evidence to the court, although provided adequate opportunity to do so. The sleep study performed at Jackson does not indicate any possible cause for his OSA.

The court finds the Plaintiff's objection to be without merit, and it is hereby OVERRULED. The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby ORDERED as follows:

1. The Defendants' Motion for Summary Judgment is GRANTED, and the Plaintiff's federal constitutional claims are DISMISSED with prejudice.

2. The pendant state claim is DISMISSED without prejudice.

    3. Final Judgment will be entered in favor of the Defendants, with costs taxed against the Plaintiff.

    DONE this 25th day of August, 2016.

                                           /s/ W. Harold Albritton
                                           W. HAROLD ALBRITTON
                                           SENIOR UNITED STATES DISTRICT JUDGE